**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CRIMINAL DOCKET NO.: 3:00CR130**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| OLGA RIQUELME GARZA (20), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(i)," filed May 2, 2005.

On February 5, 2002, Defendant pled guilty to one count of conspiracy to possess with

intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1).

On April 24, 2002, this Court sentenced Defendant to sixty months imprisonment.  Judgment was

entered on May 14, 2002.  Subsequently, on September 30, 2002, in response to a letter sent by

Defendant, this Court recommended that Defendant be placed in the Boot Camp Program,

otherwise known as the Shock Incarceration Program.  On January 28, 2004, however, Defendant

filed a Motion with the Court, claiming that the staff at the Coleman Institution advised her that

an Order from the Court was required in order for Defendant to be assigned to the Boot Camp

Program.  Accordingly, on March 1, 2004, this Court issued an Order in which it reiterated its

recommendation that Defendant be placed in the Boot Camp Program.[1]

In the instant Motion, Defendant advises the Court that on January 5, 2005, she was told

_____

[1]The Court emphasized in its March 1, 2004 Order that it did not have the power to *order* the BOP to
enter Defendant in the Boot Camp Program but could only make a recommendation to that effect.

1

by the staff at Bryan Federal Prison Camp that due to financial constraints, the Bureau of Prisons cancelled the Boot Camp Program. Defendant argues that in light of this cancellation, her sentence has been prolonged and that due to these extraordinary and compelling circumstances, the Court should modify her sentence pursuant to 18 U.S.C. § 3582(c)(1)(i).

It is clear that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – (A) the court *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that – (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(i) (emphasis added). In the instant case, the Director of the Bureau of Prisons ("BOP") has not moved for a reduction of Defendant's sentence, thereby prohibiting this Court from making such modification.

Moreover, it is equally clear that the BOP, not the Court, has the full authority over the designation and substance abuse treatment of persons, including but not limited to the Boot Camp Program. *See* 18 U.S.C. § 4046; 28 C.F.R. § 524.31(b). Consequently, the BOP's decision to discontinue the Boot Camp Program is within the discretion of the BOP and this Court cannot modify Defendant's sentence based on the fact that the BOP removed Defendant's access to the Boot Camp Program.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(i) is hereby **DENIED**.

**Signed: December 14, 2005**

Richard L. Voorhees
United States District Judge